STATE of Missouri, Plaintiff-Respondent,

v.

Gary William THOMAS, Defendant-Appellant.

No. 36843.

Missouri Court of Appeals, St. Louis District, Division One.

June 29, 1976.

Rehearing Denied Aug. 18, 1976.

Riezman & Blitz, Robert D. Blitz, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from two judgments of conviction, one for common assault and the other for kidnapping, and sentences of six (6) months incarceration in the workhouse and two (2) years imprisonment in the penitentiarv, respectively. The sentence imposed for common assault is to commence at the expiration of the two year sentence imposed for kidnapping.

For reversal, defendant argues that the court committed error in admitting into evidence, over objections that they were hearsay and irrelevant, statements of his alibi witness that her son had been arrested at the same time as the defendant. We affirm.

In this case the victim described both her assault and assailant to the police and also the other person who aided and abetted him. Three days after the abduction and assault, the victim saw and recognized defendant and Raymond L. Hearn at the Crestwood Shopping Center. She contacted store security, which called the Crestwood

police. Both subjects were taken into custody, driven to the Second District Police Station, and identified by the victim.

Defendant offered alibi as his defense. One of his alibi witnesses, Mrs. Cornelia Hearn, mother of Raymond, testified that defendant was at her home during the time the victim stated the crime was committed. She remembers the date because of a big snowfall.

On cross-examination, the prosecutor asked if her son Raymond was arrested three nights later. The purpose of the inquiry was to determine if the snowfall that the witness had testified to was the same one which had taken place before her son and the defendant had been taken into custody. She recalled the incident and admitted that she had been called to the Second District Police Station.

Defendant objected to this line of inquiry contending that the question as to the witness's son's arrest was hearsay and irrelevant. In support of his contentions, defendant refers us to *State v. Robinson,* 484 S.W.2d 186, 189 (Mo.1972) (hearsay testimony), and *State v. Walden,* 490 S.W.2d 391, 393 (Mo.App.1973) (irrelevant testimony), but neither case found the admission of the evidence to be prejudicial. While we agree with the proposition of law set forth in each opinion, we find both inappropriate in the instant case.

In any event, an exhaustive examination of defendant's contentions is unnecessary. First, we note that defendant failed to properly preserve the point for review since his objection came after the witness had answered and he failed to request that the answer be stricken, *State v. Johnson,* 349 Mo. 910, 163 S.W.2d 780, 783 (1942) and *State v. Owen,* 258 S.W.2d 662, 666 (Mo.1953). Secondly, even if the defendant's contention is correct, which we doubt, the testimony by his alibi witness was not prejudicial, because evidence of the same import had previously been introduced without any objection. The victim and the police officer had given substantially the same evidence; hence, Mrs. Hearn's testimony was merely cumulative. *State v.*

*Mills,* 521 S.W.2d 495, 497 (Mo.App.1975) and *State v. Williams,* 448 S.W.2d 865, 869 (Mo.1970). Finally, the question asked of Mrs. Hearn about her son's arrest was relevant to her interest and bias as it tended to disclose a motive to disregard the truth. See *State v. Gyngard,* 333 S.W.2d 73, 78 (Mo.1960) and *State v. Williams,* 513 S.W.2d 718, 721 (Mo.App.1974). Therefore, we reject defendant's claim of error.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.