STATE of Missouri,
Plaintiff-Respondent,

v.

Buddy M. McCOLLUM,
Defendant-Appellant.

Nos. KCD 29962, KCD 29925.

Missouri Court of Appeals,
Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1979.

Application to Transfer Denied
July 17, 1979.

Howard L. McFadden, Jefferson City, for defendant-appellant.

Paul R. Otto, Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

We affirm defendant's conviction of failure to return to prison after being permitted to go at large, a felony under § 557.351, RSMo Supp.1975. The judgment followed a jury verdict of guilty. Under the Habitual Criminal Act he was sentenced by the Court to five years in the Department of Corrections.

The facts are these:

Defendant McCollum, a prisoner at Church Farm, a prison of the Division of Corrections, was granted temporary leave "for the purpose of re-establishing family ties and visiting". The time of the leave was 72 hours, beginning at 10:00 a. m. on June 1, 1976, and ending at the same time on June 4. The leave was authorized by a document signed by prison officials and also by defendant McCollum, which contained the beginning time, the duration and the ending time of the leave.

He did not return at the end of the leave period.

He was arrested in St. Louis on October 27, 1976. After he was returned to the main penitentiary on November 1, he made and signed a statement as follows: "Inmate McCollum states due to many things he had on his mind, he was irrational on making the right decision in returning to Church Farm at the end of temporary leave."

Defendant's own testimony was that he was permitted at his own request to leave the prison at 10:30 p. m. on May 31. The authorization for the early departure was

contained in an "out count" signed by Captain Morrow. Defendant's testimony seems to indicate that he believed, since he was permitted to leave early, that the return time contained in the leave document was not applicable, and that he was absent from the prison in some other unspecified status. He said he knew he would have to return to the prison when he was caught.

■ Appellant's first complaint is that Lieutenant McQuaid was permitted over his objection to testify that he, defendant McCollum, had been at the prison shortly after midnight on June 1, 1976, when, as the witness said, he was picked up by his wife upon a furlough which was authorized to begin at 10:00 a. m. on June 1. This fact as a *voir dire* examination brought out, had been reported to the witness and was not personally known to him.

Hearsay testimony, as we are taught in the hornbooks, is inadmissible. This testimony of witness McQuaid was plainly hearsay, ergo, inadmissible. *State v. Hermann*, 283 S.W.2d 617, 621 (Mo.1955). (There is some suggestion that the witness was basing his testimony upon a business record, namely, an "out count" which had been in defendant McCollum's prison file, but which had since been destroyed. In view of the disposition we make of the question in the next paragraph, we do not need to go into the question of testimony based upon the lost business record.)

Error though it may have been to allow the challenged testimony, it was plainly innocuous. *State v. Young*, 490 S.W.2d 28, 30 (Mo.1973); *State v. Thomas*, 540 S.W.2d 97, 98 (Mo.App.1976); *State v. Proctor*, 535 S.W.2d 141, 143 (Mo.App.1976). The fact of defendant's release on furlough, and that by permission he left during the preceding evening or night, was abundantly proved by other evidence, and was not disputed, and indeed was admitted by defendant in his own testimony. The precise time of his leaving, and by what means he left, are details of no consequence. The hearsay testimony of McQuaid could have been left out entirely without weakening the state's case or strengthening the defendant's case. The error was not prejudicial.

The point is disallowed.

Appellant claims error at several points in the use of the word "furlough" to describe the period of defendant's authorized absence from the prison.

The statute, insofar as applicable here, punishes the failure to return to a division of corrections institution "when permitted to go at large". The information charges that defendant failed to return after he was "furloughed". The verdict-directing instruction authorized conviction of "failure to return from furlough" if the jury found (among other findings, of course) that the defendant was "furloughed".

Defendant points out that the statute does not punish failure to return from "furlough"; that the state's evidence of defendant's authorized leave, consisting of a document signed by prison officials and also by defendant, described the period as "temporary leave" and not as "furlough"—and therefore, he argues, two necessary conclusions follow: (1) That the evidence was insufficient to sustain the conviction, and (2) the instruction which hypothesized a finding defendant was "furloughed", and which allowed a conviction of "failing to return from furlough" lacked an evidentiary basis and allowed conviction of an unknown crime.

■ We are unable to accept defendant's argument. A "furlough" is by definition "a leave of absence". As a transitive verb, it means "to grant a furlough to". It is an apt and a convenient term to describe defendant's temporary leave from the prison. The information might have alleged that the defendant was "permitted to go at large", and the instruction might have required such finding, and might have described the crime as "failure to return after having been permitted to go at large". But "furlough" is interchangeable with "temporary leave" and both are—if we may borrow a phrase from another area of law—a lesser included concept within "permitted to go at large". *See State v. Harris*, 564 S.W.2d 561, 573 (Mo.App.1978).

It may be more satisfying to find the precise statutory language in informations and in instructions, but it is not essential if terms are used which convey the same meaning with clarity and precision. In this case the use of the term "furlough" meets that standard and its use is not error.

The judgment of conviction is affirmed.

All concur.