STATE of Missouri,
Plaintiff-Respondent,

v.

Jerry PATTERSON,
Defendant-Appellant.

No. 45676.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 22, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

Alan N. Zvibleman, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

GAERTNER, Judge.

Appellant Jerry Patterson was convicted by a jury of second degree robbery, a violation of § 569.030, RSMo.1978. Pursuant to the conviction, appellant was sentenced under § 558.011.1(2), RSMo.Supp.1982, to imprisonment as a persistent offender for a period of ten years. In this appeal the appellant argues he was prejudiced in that (1) the trial court erred in submitting an inappropriate variant of MAI–CR2d 2.12; (2) the trial court erred in failing to submit MAI–CR2d 2.10; and (3) the trial court erred in failing to instruct the jury on the lesser included offenses of third degree assault and stealing.

Appellant does not challenge the sufficiency of the evidence. The jury reasonably could have found from the evidence that some time after 10:00 p.m. on November 27, 1981, the victim, Donald Wilson, was at the Regent Bar in the City of St. Louis, when he met appellant and Boyd Hicks. Wilson talked with the two for about a half an hour, whereupon Hicks asked Wilson to give him a ride home. Wilson agreed.

The three went to Wilson's automobile, a 1971 brown Chevrolet Impala, and got in. After Wilson had driven about four blocks Hicks began to beat Wilson in the face saying "Give me your money." Wilson pulled over to the curb whereupon Hicks got out of the car, walked around to the driver's side, opened Wilson's door and continued to beat Wilson in the face demanding money. Wilson told Hicks that he only had some change. Hicks ordered Wilson "Give it to Fred," referring to appellant.

Wilson took the change out of his pocket, amounting to about $3.00, and gave it to appellant who "cupped" his hands to receive it. Hicks then told appellant, "He's got some bills. Search him." Appellant reached into Wilson's back pocket but found only a comb. Hicks then ordered Wilson to "Give me your wallet" and to give his watch to the appellant, who took it.

At all times during the incident appellant was sitting next to Wilson in the car. Appellant never threatened Wilson or touched him in any way except to look for "some bills." No weapons were used by Hicks or appellant, nor was their imminent use threatened.

Finally, Hicks said to appellant, "You know what we're going to have to do with him." Appellant responded, "Let him go home." With that statement, appellant opened his car door and let Wilson out. Hicks told Wilson to keep on walking and not to look back. Wilson walked about four blocks and then stopped in a bar to call the police. Within minutes the police located Wilson's car with Boyd driving and appellant as a passenger. Appellant and Boyd were arrested. Several dollars of change were in the possession of appellant.

Appellant testified in his own behalf that the altercation between Hicks and Wilson was a result of Hicks' belief that Wilson had paid undue attention to Hicks' wife. Appellant denied that any money or property was demanded of or taken from Wilson.

The first point asserted by appellant is illustrative of the quagmire in which MAI–CR2d instructions were in danger of becoming mired. Appellant correctly points out that the trial court selected from six possible variants of MAI–CR2d 2.12, Form 2, which is to be used "[w]here the defendant was an inactive participant and there is no evidence that he was an active participant."

Notes on Use, MAI–CR2d 2.12, Order of Supreme Court, April 14, 1981.[1]

Appellant contends that since there was evidence that he was an active participant, but also his own testimony that he was not, the court should have selected variant four, "[w]here the defendant was one of two or more active participants but there is also evidence that the defendant was only an inactive participant." Appellant argues that this deviation is error under Supreme Court Rule 28.02 and that the prejudicial effect of this deviation is clearly demonstrated, he further asseverates, because "it allowed the jury to return a verdict by a finding that appellant merely 'aided' in the commission of the offense rather than 'acted' with the purpose of committing said offense." [2]

■ We agree with appellant's contention that variant two of MAI–CR2d was not the appropriate paragraph under the evidence in this case. Contrary to the Notes on Use directive for the use of variant two, there was evidence that defendant was an active participant. The Notes on Use of the April 14, 1981 Order define active participant as "any person who engages in conduct, either by act or omission, which is an essential element of the crime." The essential elements of robbery in the second degree are two, stealing and force. § 569.-030, RSMo.1978. Here, while there is no evidence of the use of force by appellant, there is ample proof that he took money and property delivered by the victim as a result of the force used by Hicks. Therefore, appellant engaged in conduct constituting *an* essential element of the crime. Also contrary to the directives for the use of variant two, there was no evidence that appellant was only an inactive participant in a robbery. Under the evidence, he was either an active participant by reason of the taking of the property, or the only crime committed was Hicks' assault upon Wilson.

■ We are constrained by Supreme Court Rule 28.02 to hold this use of the inappropriate variant of MAI–CR2d 2.12 to be error. However, Rule 28.02 also provides a lifeline from the quagmire—the judicial determination of the prejudicial effect of such error. Perhaps legal scholars and academicians can detect a fine point of distinction between "during the commission of such offense and with the purpose of furthering its commission, the defendant aided such other person" and "in the commission of such offense the defendant acted with such other person with the purpose of committing that offense." We do not believe that such legal niceties, if any, would be either discernible nor meaningful to jur-

1. Adding to the trial judge's quandary in this case was the fact that the case was tried during the period in which two different forms of MAI–CR2d 2.12 were permissible. On April 14, 1981, the Supreme Court ordered the prior MAI–CR2d 2.12 withdrawn and replaced it with the new instruction dealing with responsibility for conduct of another, containing six possible variations depending upon combinations of active and inactive participation as shown by the evidence. The new instruction, effective January 1, 1982, was itself withdrawn six weeks after that date by order of the Supreme Court dated February 16, 1982, but continued use thereof was permitted until April 1, 1982. The original 2.12 was reinstated by this order until replaced by a revised 2.12 to become effective January 1, 1983.

2. Instruction 6 is as follows:
If you find and believe from the evidence beyond a reasonable doubt:
First, that on November 27, 1981, in the City of St. Louis, State of Missouri, the defendant and a certain person stole an automobile, watch, money, keys and wallet owned by Donald Wilson, and
Second, that a certain person in doing so used physical force on or against Donald Wilson for the purpose of forcing Donald Wilson to deliver up the property,
then you are instructed that the offense of robbery in the second degree was committed, and if you further find and believe from the evidence beyond a reasonable doubt:
Third, that before or during the commission of such offense and with the purpose of furthering its commission the defendant aided such other person in committing that offense,
then you will find the defendant guilty of robbery in the second degree.
However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

ors untrained in the law. We find no prejudice to the appellant herein could have resulted from the use of variant two of MAI–CR2d 2.12. To hold otherwise would give credence to the not always facetious bromide "instructions are written not for the ears of the jurors but for the eyes of the appellate judges."

Furthermore, in paragraph First of Instruction 6, the jury was required to find that appellant, with another, stole property. Paragraph Second required the finding that the other person used physical force for the purpose of compelling delivery of the property and paragraph Third required the finding that defendant aided the other person for the purpose of committing the crime. Thus, the jury was properly instructed that even though the appellant did not participate in the assault, the assaultive conduct of Hicks was attributable to appellant if he participated in part of the criminal activity for the purpose of committing the crime. Within the constraints imposed by pattern instructions it would be difficult to conceive of a more accurate way to state the issues or a more appropriate way to conform to the evidence. Despite deviations from the convoluted directives of the Notes on Use, Instruction 6 was in no way prejudicial to appellant.

Appellant next complains of the failure of the trial court to give MAI–CR2d 2.10. It should be noted that as a part of the April 14, 1981 Order, MAI–CR2d 2.10 was withdrawn so that the "new" MAI–CR2d 2.12 mandated by that Order was to be given without 2.10. In the February 16, 1982 Order, 2.10 and the old 2.12 were reinstated. While permission to use the "new" 2.12 until April 1, 1982, was given in that Order, it remained silent regarding whether or not 2.10 should be given with the "new" 2.12.

■ Here, the trial court did give as Instruction No. 5, the Third paragraph of MAI–CR2d 2.10.[3] Accordingly, appellant's contention of error focuses upon the failure to give Paragraphs One and the first paragraph of Two of MAI–CR2d 2.10.[4]

As noted above, we are constrained by reason of Rule 28.02 to hold the failure to give these portions of MAI–CR2d 2.10 to be error. But we find no prejudice resulted to appellant therefrom.

*State v. Timley,* 541 S.W.2d 6 (Mo.App. 1976), presents the converse of the present situation. There, MAI–CR2d 2.10 was given but not MAI–CR2d 2.12. The court held this failure to be error, but not prejudicial so as to require a new trial. *See State v. Brown,* 607 S.W.2d 881 (Mo.App.1980). We reach a similar conclusion here.

■ Paragraph First of MAI–CR2d 2.10 expresses the statutory language of § 562.036, RSMo.1978, that a person *can* be "criminally responsible" for the conduct of another. Paragraph Second of MAI–CR2d 2.10 embraces the statutory language of § 562.041.1(2), RSMo.1978, which defines *when* a person is "criminally responsible" for the conduct of another. The statutory language of § 562.041.1(2) is similarly con-

3. INSTRUCTION NO. 5

The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make him criminally responsible for the offense, although his presence may be considered together with all of the evidence in determining his guilt or innocence.

4. First, A person is guilty of an offense if it was committed by conduct for which he is criminally responsible, whether that conduct was his own or that of (another person) (other persons) or both his own conduct and that of (another) (others).

Second, A person is criminally responsible for the conduct of (another) (others) in (committing) (attempting to commit) (committing or attempting to commit) a particular offense when, either before or during the commission of an offense, with the purpose of promoting the commission of that offense he (aids) (agrees to aid) (attempts to aid) such other person(s) in (planning) (committing) (attempting to commit) ( [any combination of the foregoing] ) that offense.

tained in the "new" MAI–CR2d 2.12 which was submitted in the instant case. It is clear, therefore, that the jury was instructed as to *when* a person is criminally responsible for the conduct of another. Appellant's claim of prejudice on this point, therefore, can be reduced to the failure to instruct the jury that a person *can* be guilty of an offense if it was committed by conduct for which he is criminally responsible, whether that conduct be his own or that of another. By instructing the jury as to *when* a person is criminally responsible for the conduct of another, the instruction necessarily implies that a person *can* be criminally responsible for such conduct. Although MAI–CR2d 2.10 directly expresses this principle, MAI–CR2d 2.12 conclusively implies the principle nonetheless. Failure to submit a 2.10 instruction when a 2.12 instruction is submitted, therefore, does not necessarily mean that the applicable law of criminal responsibility for the conduct of another is not fully stated.

In this case, the submitted Instruction No. 6 correctly stated the law concerning appellant's responsibility for the conduct of Hicks. Although submitting MAI–CR2d 2.10 would have instructed the jury more expressly on relevant statutory concepts, the submitted 2.12 instruction necessarily includes and implies the concepts inherent in MAI–CR2d 2.10. Contrary to appellant's contention, the jury received sufficient instructional guide for the principles found in the submitted verdict director. The instruction required a finding by the jury of the necessary elements to convict appellant of the offense charged. §§ 562.041, 569.-030, RSMo.1978; *State v. Dick,* 636 S.W.2d 425 (Mo.App.1982). Appellant suffered no prejudice by reason of the failure to submit MAI–CR2d 2.10 under the circumstances of this case.

Appellant's final point on appeal is that the trial court erred by failing to instruct the jury on the lesser included offenses of third degree assault and stealing.

A review of the record and the transcript reveals that appellant did not request the trial court to submit instructions on lesser offenses. The Supreme Court has recently ruled that a defendant may not complain about a trial court's failure to give a lesser offense instruction unless the defendant specifically requests it.[5] *State v. Olson,* 636 S.W.2d 318, 322–23 (Mo. banc 1982).

■ Furthermore, even if such a request had been made, it would have been to no avail. It has been consistently held that, other than in homicide cases, instructions on lesser offenses are to be given only when there is evidence to support an acquittal of the greater offense and a conviction of the lesser. § 556.046.2, RSMo.1978; *State v. Olson,* 636 S.W.2d at 622; *State v. Hill,* 614 S.W.2d 744, 750 (Mo.App.1981). No such evidence is present in this case. It is undisputed that appellant did not participate in the assault upon Wilson by Hicks. Therefore, he could not be convicted of assault in any degree. There is no evidence that property was taken from Wilson except by reason of delivery thereof to appellant as a direct and immediate result of the Hicks assault coupled with the order to give his money to appellant. If the assault is eliminated, appellant's receipt of the property was a gift, not stealing. Under the evidence, appellant was guilty of robbery in the second degree or not guilty of any crime. He was not entitled to instructions on the lesser offenses.

The judgment is affirmed.

SNYDER, P.J., and DOWD, J., concur.

**5.** An exception to this rule is applicable in    homicide cases.