STATE of Missouri,
Plaintiff-Respondent,

v.

James HITCHCOCK,
Defendant-Appellant.

STATE of Missouri,
Plaintiff-Respondent,

v.

Keith WILKERSON,
Defendant-Appellant.

Nos. 13492, 13493.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 6, 1984.

---

John D. Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Frederick W. Martin, III, West Plains, for defendants-appellants.

PREWITT, Chief Judge.

Appellants were convicted of second degree burglary for breaking into a residence owned by B.D. Ashbough for the purpose of committing theft. By agreement their non-jury trials were held together. The state's case was based on the testimony of Martha Ashbough, B.D. Ashbough's wife. She said she saw appellants in the house after it was broken into.

Appellants' contentions are identical. Each claims that the evidence was insufficient to support a conviction because Mrs. Ashbough's testimony identifying them was "inconsistent, contradictory, and self-destructive".

In determining if the evidence was sufficient to sustain the charge, we consider the evidence in the light most favorable to the state and disregard all evidence and inferences to the contrary. *State v. Shaw*, 602 S.W.2d 17, 19 (Mo.App. 1980). Ordinarily the testimony of one witness can be sufficient to support a charge even though the testimony may be inconsistent, as inconsistencies in the testimony are questions for the jury; however, the inconsistencies in the testimony of a single witness going to a vital issue will be scrutinized closely to determine whether the testimony constitutes substantial evidence. Id. 602 S.W.2d at 19–20.

Mrs. Ashbough testified that upon returning from a trip to Ohio she entered the house with her husband around seven o'clock p.m. on August 31, 1982. She entered first. The house had been broken into and she saw appellants and George Bell in the living room. When she called out to her husband the three ran out of the house, and she heard a vehicle drive away.

Mrs. Ashbough said that she had a better view of Bell than the others and he had blond hair and was clean shaven. Appellants had darker hair and were smaller. She apparently had not known Bell or Appellant Hitchcock previously, but said that Appellant Wilkerson had come to the house on July 21, 1982, asking for a drink of water. On September 1, 1982, following appellants' arrest, she identified them and Bell in a lineup. Appellants testified that they were with their wives at a junkyard several miles away at the time Mrs. Ashbough saw the three men in the house.

Appellants contend that the circumstances would have made it difficult for her to see them well. Appellants state that because Mrs. Ashbough had traveled 600 miles that day and had driven a car for approximately 100 miles, this "would indicate she was in somewhat of a fatigued state upon arriving home that evening."

They assert that her "visual prowess was not at its greatest at the time her identification" was made because she wears glasses when driving but she was not wearing them at the time she said she saw appellants. They also emphasized that it was beginning to get dark outside and that the artificial light in the living room was behind the men she saw and she observed them only for a few seconds.

Appellants contend that her testimony was inconsistent and contradictory because it conflicts with a statement she gave to a deputy sheriff. The statement said that she observed the three men from a distance of 35 feet. Her testimony put the distance at 15 to 20 feet. The statement said that the men had driven off in a pickup truck but she testified that she had not seen the men after they left the house and had not seen their vehicle. Apparently she learned of the pickup from neighbors. Appellants claim that it was also the influence of neighbors that caused her to identify appellants and Bell as neighbors had earlier seen them in a pickup in the area.

Appellants state that the "unreliable, self-destructive nature of Mrs. Ashbough's eyewitness identification ... is best demon-strated by her identification of Mr. Bell as one of the burglars." She told the deputy that of the three men she saw, the one she had the best view of was blond-headed and clean shaven. The next day she identified appellants and Bell at the lineup as the three men who had been in her home. Bell was the one she described as blond and clean shaven. At the lineup he had a beard. Appellants claim that the inaccurate description of Bell shows that she was not able to identify them.

Citing *State v. Hill*, 438 S.W.2d 244, 248 (Mo.1969), and *State v. Spraggins*, 368 S.W.2d 407, 411 (Mo.1963), appellants contend that as the description given in making the identification was self-destructive, and was the only basis for identifying appellants, the evidence supporting the finding of guilty was insufficient as a matter of law. These cases state that appellate courts do not weigh the evidence and that discrepancies in testimony are for consideration by the jury in determining credibility and the weight to be given the testimony. See *Hill*, 438 S.W.2d at 247; *Spraggins*, 368 S.W.2d at 411.

■ Conflicts in the evidence, the determination of the credibility of the witnesses and the weight to be given their testimony are within the province of the trier of fact. *State v. Newberry*, 605 S.W.2d 117, 121 (Mo.1980). That a witness's testimony may to some extent be contradictory does not prevent its constituting substantial evidence. Id. The testimony of one witness may be sufficient to sustain a conviction although the testimony may be inconsistent. Id.

There is nothing in the record to conclusively establish that Mrs. Ashbough's trip would have affected her vision or that the amount of light in the living room prevented her from getting a good look at the three men. She said it was still light outside and lights were on in the house due to automatic timers.

She saw appellant Wilkerson well enough to remember him as she told the deputy initially that one of the men had been to

the house to get a drink of water. He acknowledged that he was the person who had been at her house previously. She had talked to him, apparently for several minutes at that time and remembered him. Appellants were admittedly together the evening of August 31, 1982.

■ Mrs. Ashbough was positive in her identification and whether she was correct was for the trier of fact. There was nothing inconsistent or contradictory in her testimony regarding identifying appellants. If there were inconsistencies they only related to Bell. It was for the trier of fact to determine if her identifications were correct.

The judgments are affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.