STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas BARNES, Defendant-Appellant.

No. 13418.

Missouri Court of Appeals,
Southern District,
Division Two.

June 27, 1985.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Allan C. Wilcox, Joplin, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of first degree robbery and sentenced as a prior offender to nineteen years' imprisonment. On appeal he presents five points relied on.

Defendant's first contention is that the trial court erred in failing to grant his motion for judgment of acquittal because the evidence was insufficient to support the finding that he was guilty of the crime charged. In determining the sufficiency of the evidence to support a finding of guilt we accept as true all evidence and inferences which tend to support the verdict and disregard all evidence and inferences to the contrary. The question is whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *State v. Lassen,* 679 S.W.2d 363, 365 (Mo.App.1984); *State · v. Harris,* 602 S.W.2d 840, 842 (Mo.App.1980).

Defendant acknowledges that the state established that a robbery committed by two persons occurred at the Fastrip Conve-nience Store in Joplin, at approximately 7:45 p.m. on January 14, 1983. Defendant asserts that there was insufficient evidence to show that he committed this crime. He states in his brief, "The only evidence against the Defendant that would connect him with the Fastrip robbery is the eyewitness account from the Fastrip clerk, Teresa Blankenship, and from a customer, Ron Haddock."

Although there was other evidence indicating his guilt besides their eyewitness testimony, that testimony alone was sufficient. It is not for this court to weigh the evidence or substitute its assessment of the credibility of the witnesses for the jury. *State v. Harris,* supra, 602 S.W.2d at 842.

Ordinarily the testimony of one eyewitness is sufficient to support a charge even though the testimony may be inconsistent, as inconsistencies in the testimony are questions for the jury. *State v. Hitchcock,* 676 S.W.2d 538, 539 (Mo.App.1984). That a witness's testimony may to some extent be contradictory does not prevent its constituting substantial evidence. *Id.* at 540. Here the only inconsistencies were in the descriptions given to law enforcement authorities before defendant's arrest and those inconsistencies were not such as to destroy the eyewitnesses' testimony.

In addition, after being arrested, defendant was questioned in the early morning hours of January 15, 1983 by a deputy sheriff. The deputy testified that defendant admitted being in the Fastrip Store at the time of the robbery on January 14, 1983. He said defendant told him, "he was sorry for what he did to the clerk. He did not mean to harm her." Defendant's first point has no merit and is denied.

In his second point defendant contends that the trial court erred in failing to grant his motion for mistrial because evidence of other crimes was introduced. He claims that he was prejudiced because the state introduced into evidence .22 caliber bullets, .410 shotgun shells, and money not shown to have been taken in the robbery. He also asserts that the state improperly

showed that defendant had assaulted a police officer and that a person with defendant had been charged with driving while intoxicated.

■ Defendant's brief cites us only to a request for a mistrial because of evidence of the .22 caliber bullets and the .410 shotgun shells. Our search of the record finds no request for a mistrial regarding the money, assault on a police officer or that defendant's companion had been charged with driving while intoxicated. By not making a timely request for a mistrial the contention regarding them is not preserved for our review. *State v. Luallen,* 654 S.W.2d 226, 229 (Mo.App.1983).

■ There was evidence that a .22 caliber weapon was used in the robbery. Thus, finding .22 caliber bullets on defendant was sufficiently related to the crime that the evidence of them was admissible. Defendant's objection to the .410 shotgun shells was initially sustained and when they were later mentioned by one of the state's witnesses there was no objection. Although there was no evidence that a .410 shotgun was used in the robbery, possession of the shotgun shells is not a crime or so prejudicial as to require a mistrial. The drastic nature of a mistrial requires that it be granted only in extraordinary circumstances where the prejudicial effect cannot be removed in any other way, and such a determination rests largely within the discretion of the trial judge. *State v. Luallen,* supra, 654 S.W.2d at 228. Point two is denied.

■ Defendant contends in his third point that the trial court erred in instructing the jury regarding his responsibility for the conduct of another, when the information did not say defendant was acting with another person. The charge was submitted to the jury following MAI–CR2d 2.12. That is a proper submission even if the information does not allege that the defendant was guilty as an aider or abettor. If the evidence warrants such a submission, the jury can properly be instructed to find him guilty on either active partic-ipation or for aiding and abetting. *State v. Smith,* 655 S.W.2d 745, 748 (Mo.App.1983). Point three is denied.

■ In his fourth point defendant contends error in the portion of the submission instruction stating one is responsible for his own conduct as well as the conduct of another if he acts with him or aids or encourages him. Defendant contends that the instruction was erroneous because it omitted that he would be "criminally" responsible in that situation. His argument is based on MAI–CR2d 2.10 which was withdrawn effective January 1, 1983. See *State v. Patterson,* 649 S.W.2d 925, 927, n. 1 (Mo.App.1983). At the time of trial and now MAI–CR2d 2.12 is in effect. It does not provide that "criminally" be used. The instruction was proper, so the point has no merit. In addition, we do not see how defendant could have been prejudiced or how the jury could have misunderstood the instruction.

For his final point defendant asserts that the trial court erred in not granting his motion for mistrial when the prosecuting attorney referred to the store clerk who was robbed as a small pregnant lady who had a lot of courage to testify against defendant, and when the prosecuting attorney referred to defendant as an animal. No request for mistrial was made when the prosecutor said that the store clerk was a small pregnant lady. When the prosecutor referred to her courage "to get up here and testify against animals like this", defendant's counsel objected and asked the court to order the jury to disregard the statement. The court sustained the objection and instructed the jury to disregard the comment. No further request for relief was made.

■ By not requesting further relief, defendant expressed apparent satisfaction with the action taken by the trial court, and his point is not preserved for appellate review. *State v. Luallen,* supra, 654 S.W.2d at 230. Request for relief from improper argument must be timely made to preserve them for appellate review. *State v. Fanning,* 647 S.W.2d 177, 178 (Mo.App.

1983). A party cannot fail to request relief, gamble on the verdict and then if adverse, request relief for the first time. *Id.* This point is denied.

Plain error review of the points not preserved is not appropriate as the record does not indicate that manifest injustice or miscarriage of justice resulted. Rule 30.20.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.