**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Edward FANT, Defendant-Appellant.**

**No. 50329.**

Missouri Court of Appeals, Eastern District, Division Ten.

July 29, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1986.

William J. Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

John Munson Morris, Paul LeRose, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Defendant was found guilty by a jury of robbery in the first degree, § 569.020, RSMo 1978, and sentenced to imprisonment for ten years as a persistent offender. Defendant appeals; we affirm.

The factual scenario which gives rise to this case began when Mr. and Mrs. Joseph Marshall left a Christmas party on the night of December 15, 1984. They drove around for approximately an hour arguing, apparently because they had gotten lost. When they stopped at a service station so Mr. Marshall could use the restroom, Mrs. Marshall drove off, leaving her husband. Mr. Marshall was unfamiliar with the location, but later determined it was in Kinloch, St. Louis County. Thereafter, Frank Moody drove into the station, and a conversation ensued between him and Marshall, who explained that his wife had left him stranded. They struck an agreement whereby Marshall would buy five dollars' worth of gasoline for Moody's car in exchange for a ride to the Northwest Plaza shopping center. Marshall paid for the gasoline with a twenty dollar bill, receiving a ten and a five dollar bill in change.

After driving a short distance from the station, Moody announced that he wanted to call his girlfriend and stopped the car. Marshall remained in the vehicle while Moody entered a tavern. Moody returned several minutes later and the trip continued. When they stopped at a stop sign, the vehicle was approached by defendant Charles Fant and his brother Claudel Fant. They entered the four door vehicle through the rear door on the driver's side so that defendant was seated directly behind Marshall on the passenger side. Moody, who was obviously acquainted with them, asked if they wanted to take a ride out to "North County," and they assented.

Shortly after the journey resumed, Moody told Marshall that he wanted another five dollars for gas. Marshall said he would pay on arrival, but Moody insisted he wanted it "now." As Marshall reached into his right front trouser pocket to give the five dollar bill to Moody he felt something pressed against the back of his head. Someone behind him said, " 'Give me this money' or 'We ought to kill this mother fucker.' " Marshall testified that the object pressing against the back of his head felt like, "Cold hard steel. It felt like a revolver." He did not turn around because, "I felt that if I turned around I'd have my head blown off." In compliance with the order, Marshall then handed the remaining ten dollar bill and his wallet back over his right shoulder where they were removed from his hand. Defendant and Claudel then demanded Moody's money, and he handed it to them. Moody then stopped the car at the side of the road and told Marshall to get out. Marshall did so, and the vehicle with its three occupants drove on. Marshall proceeded on foot to the Olivette Police Department where he reported the incident and gave descriptions of the three men and the vehicle.

Shortly thereafter, the vehicle was stopped by police and its occupants placed under arrest. St. Louis County Police Officer Joseph Spiess, responding to a radio

broadcast, went to the scene and searched defendant. In the pocket of defendant's coat, Spiess found several credit cards "and what looked to be a bank card," all bearing Marshall's name. A subsequent search of the vehicle pursuant to a warrant revealed the presence of a ten dollar bill, Marshall's wallet and plastic card holder, along with a five and one-half inch steel bolt. The officer who conducted the search of the vehicle stated that the bolt was seized because it "was similar to the cold steel that the victim indicated that was placed against his head in the initial report."

■ Defendant's sole point on this appeal focuses on the propriety of the State's verdict directing instruction which is essentially MAI–CR2d 23.02, robbery in the first degree, as amended by MAI–CR2d 2.12 so as to permit a finding of guilt if the jury found that defendant committed the crime alone "or with the aid of another." [1] Defendant argues that the instruction authorizes a finding of guilt "based on whether anyone had robbed Joseph Marshall and not whether appellant had participated in a robbery." The argument is without merit as the instruction specifically required, as a prerequisite of a guilty verdict, a finding "that with the purpose of promoting or furthering the commission of robbery in the first degree, the defendant acted alone or with the aid of another in committing that offense." This instruction is in complete accord with the definition of robbery in the first degree set forth in § 569.020, RSMo 1978, as applied to the facts of this case. That section provides in part:

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, *or another participant in the crime,* . . .

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument. (Emphasis added.)

■ In the instant case, the jury would have been wholly justified in believing that Moody, realizing that Marshall was possessed of a sum of money, employed the ruse of a telephone call to his "girlfriend" to alert defendant and his brother to the opportunity for a robbery, that Moody gave the signal when he demanded the additional five dollars "now," that defendant or his brother suggested that "we" ought to kill Marshall, that defendant pressed the steel bolt to Marshall's head and took the ten dollar bill and wallet when Marshall handed them back over his right shoulder. Having had the verdict, the State is entitled to all reasonable inferences to be drawn from the evidence. *State v. Franks,* 688 S.W.2d 787, 788 (Mo.App.1985). Furthermore, "any evidence fairly showing affirmative participation by the defendant in aiding another to commit the crime is sufficient to support a conviction as an accomplice." *Id.* at 790–791.

---

1. The instruction reads as follows:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 15, 1984, in the County of St. Louis, State of Missouri, the defendant or another stole a wallet, credit cards and U.S. currency owned by Joseph Marshall, and

Second, that the defendant or another in doing so threatened the immediate use of physical force on or against Joseph Marshall, for the purpose of forcing Joseph Marshall to deliver up the property, and

Third, that in the course of stealing the property, the defendant or another displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument,

then you are instructed that the offense of robbery in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of robbery in the first degree, the defendant acted alone or with the aid of another in committing that offense,

then you will find the defendant guilty of robbery in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense.

A verdict director such as defendant complains of here is properly given where there is evidence that the defendant participated in a crime or aided or encouraged others in the commission of the crime. *State v. Puckett*, 611 S.W.2d 242, 245–246 (Mo.App.1980). As in *Puckett*, this defendant was unquestionably present at the scene of the crime, had the opportunity to commit it, and was found to be in possession of some of the stolen property moments after it was committed. The jury was properly instructed. *See also State v. Huffman*, 607 S.W.2d 702, 705 (Mo.App. 1980).

The judgment is affirmed.

SIMON and KELLY, JJ., concur.