STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas VAN BLACK,
Defendant-Appellant.

No. 14514.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 5, 1987.

Motion for Rehearing and Transfer
Denied and Overruled
Feb. 27, 1987.

Application to Transfer Denied
April 14, 1987.

Cenobio Lozano, Jr., Harrisonville, for defendant-appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with having committed arson in the second degree by burning his own house. § 569.050. The principal evidence presented by the state was the testimony of the defendant's accomplices, Danny Warden and Arthur Clubine. A jury accepted their testimony and found the defendant guilty. In view of that verdict, "[i]n reviewing a contention that the evidence was insufficient to establish the crime charged, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary." *State v. Cooper*, 673 S.W.2d 848, 849 (Mo. App.1984).

When so viewed, the evidence established the following basic facts. The policy of insurance upon the defendant's house provided the following coverages: real property—$60,000; personal property—$45,000; and loss of use—$30,000. The defendant wanted his house burned because it was in poor condition, he was in poor financial condition and the payments on his loan were going to increase.

Danny Warden was a longtime friend of the defendant. Warden and Clubine were friends. They were members of a Marine reserve unit. At the time, Clubine was living with Warden.

On several occasions the defendant asked Warden to burn the defendant's house. Warden finally agreed to do so. The defendant said there would be gasoline in the garage and in the attic. Also, that a heater and timer and extension cord to serve as an ignition device were in the garage. The house was to be burned when the defendant was not at home. The defendant agreed to pay Warden 5% of the profits from the insurance proceeds.

The evening of the fire, the defendant and his family left the house. About 11:00 p.m., Clubine drove Warden to the vicinity of that house. Warden then walked through backyards to the house. He got containers of gasoline from the garage. He poured gasoline throughout the house. He plugged in the ignition device and was pouring more gasoline when the fumes ignited. Warden escaped but was severely burned. After about a week he was forced to seek medical care. When interviewed in the hospital, after consulting with his attorney, Warden confessed his part in the offense.

By his first point the defendant contends the verdict directing instruction was prejudicially erroneous. That instruction was patterned upon MAI–CR 2d 23.08, modified in accordance with MAI–CR 2d 2.12. The instruction authorized a finding of guilty if the jury found the defendant or Danny Warden damaged an inhabitable structure by starting a fire and "that with the purpose of promoting or furthering the commission of arson in the second degree, the defendant acted together with or aided Danny Warden in committing that offense."

■ The defendant first relies upon the following proposition. The rule of disjunc-

tive submission is that "when a crime may be committed by any of several methods, the information must charge one or more of the methods, and the method or methods submitted in the verdict directing instruction must be among those alleged in the information, and when submitted in the disjunctive each must be supported by evidence." He cites *State v. Shepard*, 442 S.W.2d 58, 60 (Mo. banc 1969). The proposition and case are inapposite. They deal with alternative factual elements of an offense, not with accessorial liability. "It is proper to submit MAI–CR 2d 2.12 even if the information does not charge a person as an aider or abettor. If the evidence warrants such a submission, the jury can be properly instructed to find a person guilty on either active participation or for aiding and abetting." *State v. Irving*, 714 S.W.2d 618, 622 (Mo.App.1986).

■ The defendant next argues that MAI–CR 2d 23.08 was modified contrary to the Notes on Use to MAI–CR 2d 2.12. He states the only active participant in the offense was Danny Warden. Therefore, he contends Notes on Use 6, Example (a) to MAI–CR 2d 2.12 required MAI–CR 2d 23.-08 to be modified to attribute all elements of the offense to only Danny Warden. Assuming that to be true, reversible error is not necessarily established. The Notes on Use to MAI–CR 2d 2.12 contain the following self-limitation:

> NOTE: Any variation in ascribing the elements of an offense to the defendant or to the other person or persons and any variation in the selection of alternatives in the paragraph following 'then you are instructed that the offense of [*name of offense*] has occurred ...' shall not be deemed reversible error in the absence of prejudice.

Under the verdict directing instruction, the defendant could be found guilty if he caused the fire. Or, he could be found guilty if Danny Warden caused the fire and the defendant acted together with or aided Danny Warden. Under the circumstances of this case, the jury could not have been misled by that instruction. The defendant was not prejudiced by that instruction. Cf. *State v. Patterson*, 649 S.W.2d 925 (Mo.

App.1983). Also see *State v. Fant*, 714 S.W.2d 916 (Mo.App.1986); *State v. Reasonover*, 714 S.W.2d 706 (Mo.App.1986); *State v. Barnes*, 708 S.W.2d 270 (Mo.App. 1986).

■ The defendant's second point is that the judgment must be reversed because "[t]he trial court erred in permitting the state, over objection, to elicit negative responses from its witnesses to questions whether defendant before arrest named either of his co-defendants as suspects in the arson of his house." To support his point he cites questions eliciting such responses from insurance adjustor Duvall. It is difficult to envision how the defendant was prejudiced by evidence of his failure to name his accomplices as suspected arsonists. However, even an assumption that the admission of such evidence was improper does not establish reversible error.

The Chief of Police of Adrian, who also talked with the defendant, was a prior witness. The same negative responses were elicited from him without objection. David Owens was an investigator with the Office of the Missouri State Fire Marshall. He too had talked with the defendant about the fire. He too testified before Duvall. Owens was asked, "Did he mention any names?" The defendant's counsel then stated to the court, "The state objected to this testimony, that what he said to him would be hearsay. I won't make that objection. Go ahead." Owens then, without objection, testified the defendant did not mention Warden or Clubine. The admission of the prior similar responses, without objection, established that the error, if any, in the admission of such testimony from Duvall was not reversible error. *State v. Menard*, 331 S.W.2d 521 (Mo.1960); *State v. Gates*, 637 S.W.2d 280 (Mo.App.1982); *State v. Thomas*, 540 S.W.2d 97 (Mo.App. 1976).

■ The defendant's third point is that the trial court erred in admitting a letter written by the defendant. His basic argument to support that point is that the letter was not relevant as part of the state's case.

The letter was written to Captain C.G. Wright of the U.S. Marine Corps. An attachment to the exhibit indicates it was

forwarded to the unit of which Warden and Clubine were members. It was written May 18, 1985. The letter reads:

> Dear Sir: Recently two United States Marines admitted setting fire to my client's residence. They have been charged with arson in the second degree, a class C felony, by the county authorities. Evidence shows that these two Marines have disgraced the Corp [sic] even more by doing this in uniform. Further evidence shows that these two Marines may have also been under the influence of narcotics at the time they committed this crime. I would like you to cooperate with me in my investigation of this matter by agreeing to meet with me to discuss this further. If you are willing to assist me, please contact me immediately to schedule a time for me to come to your office. Thank you for your cooperation and assistance. I will look forward to hearing from you, then meeting with you. Sincerely, Thomas E. Van Black.

Of course, evidence is relevant if it tends to prove or disprove a fact in issue. *State v. Wood,* 596 S.W.2d 394 (Mo. banc 1980), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). It is a well-established rule that "[a] permissible inference of guilt may be drawn from acts or conduct of an accused subsequent to an offense if they tend to show a consciousness of guilt by reason of a desire to conceal the offense or accused's role therein." *State v. Lockett,* 639 S.W.2d 132, 136 (Mo.App.1982).

■ When the defendant wrote this letter, he had had a preliminary hearing and his case had been once set for trial. The letter might be likened to the use of an alias, *State v. Plant,* 694 S.W.2d 751 (Mo. App.1985), or a false exculpatory explanation in a statement, *State v. Crespo,* 664 S.W.2d 548 (Mo.App.1983); *State v. Ross,* 606 S.W.2d 416 (Mo.App.1980). The jury was entitled to infer from the letter that the defendant was attempting to establish false exculpatory circumstances concerning the commission of the fire. It was also entitled to infer that the defendant, while concealing his relationship to the offense, was attempting to gain information useful to his defense. The trial court did not err in admitting the letter.

■ The defendant's final point is that the trial court committed reversible error in excluding evidence. That evidence was that insurance investigator Kessler had been told by a neighbor of the defendant that she saw the defendant and Warden and an unidentified man in the defendant's driveway "right before the fire." The hearsay was offered to show the investigator's bias and acceptance of the defendant's guilt as demonstrated by his failure to pursue this information. The tender of this hearsay evidence was made by an examination of investigator Kessler as an offer of proof. However, that offer of proof shows the investigator did contact Warden. It in no way demonstrated how the investigator otherwise did or did not act upon the information.

To preserve the exclusion of proffered evidence for review it is essential that a proper question must be asked, and, on objection thereto, an offer must be made at the time showing *what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all facts necessary* to establish the admissibility of the evidence.... The offer of proof must contain all of the facts necessary to establish the admissibility sought to be introduced in sufficient detail to demonstrate its relevancy and materiality.

*State v. Harlston,* 565 S.W.2d 773, 783 (Mo.App.1978) (emphasis added) (citation omitted). "In a criminal proceeding, questions of relevancy are left to the discretion of the trial court and its ruling will be disturbed only if an abuse of discretion is shown." *State v. Wood,* supra, at 402. The trial court did not abuse its discretion in rejecting the tendered hearsay. The point is denied and the judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.