STATE of Missouri,
Plaintiff-Respondent,

v.

Archie Lee JONES,
Defendant-Appellant.

No. 52708.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 25, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 6, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Mary C. McWilliams, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of first degree assault. He was found by the court to be a prior and persistent offender and was sentenced to a term of twenty-five years' imprisonment. He appeals; we affirm.

On appeal, defendant raises one point of error for our consideration. He contends that the trial court erred in overruling his motion for judgment of acquittal because the state's evidence failed to prove defendant committed first degree assault in that the state's witnesses testified that the victim was shot in the back, whereas medical evidence conclusively proved the victim was shot in the front.

In determining if the evidence was sufficient to take the case to the jury, our review is limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty. *State v. Stanback*, 719 S.W.2d 896 (Mo.App.1986). In making this determination, we consider the evidence in a light most favorable to the state and disregard all evidence and inferences to the contrary. *State v. Dunavant*, 674 S.W.2d 685 (Mo.App.1984).

On November 21, 1984, Earline Thompson invited Willie Knox, Jill Johnson, Rose Zena Atkins and Savannah Poiner to her home at 5419–A Cote Brilliante, St. Louis, Missouri, to help prepare Thanksgiving dinner. Defendant was already present. Thompson's seven children were also at this location, asleep in their rooms. Earline Thompson and Jill Johnson are the defendant's sisters. Willie Knox is the brother of Rose Zena Atkins and Savannah Poiner and was Earline Thompson's boyfriend at the time of the shooting. Savannah Poiner and the defendant had dated from May to October of 1984, and had lived together approximately one and one-half months during that time. During the evening of November 21, 1984, Ms. Thomp-

son's guests consumed alcohol and marijuana, while Ms. Thompson prepared the Thanksgiving meal. Defendant left the house three times to purchase alcohol and Chinese food.

At approximately 12:00 midnight, Thompson, Knox, Atkins, Johnson and Poiner were gathered in the kitchen. Ms. Poiner testified that defendant asked her to accompany him into the hallway. He accused her of seeing another man and said "Bitch, if I can't have you can't nobody else have you." He then turned around and picked up a gun, at which time Ms. Poiner ran into the kitchen. She testified that, "I looked over my shoulder when he was pulling the trigger," and said she was shot in the upper part of her shoulder. She revealed a scar to the jury, which was located on her shoulder/collarbone area. On cross examination, however, she said that defendant shot her from the back while she was running away from him, that the scar on her shoulder was from the gun shot wound, and that there was not a scar on her back. She also stated that defendant fired the gun only once.

Earline Thompson and Jill Johnson, defendant's sisters, testified that defendant shot Ms. Poiner as she ran from him. Both admitted having made previous statements that the victim was shot in the back. Willie Knox and Rose Atkins also testified that defendant shot the victim as she ran away from him. Knox said Ms. Poiner was shot in the back. Mrs. Atkins previously stated that the victim was shot in the "left shoulder, on the left shoulder back here." All the state's witnesses denied the victim possessed a gun the night of the shooting.

Defendant's principal witness was the nurse who attended the victim at Barnes Hospital. Referring to hospital records, he said the injury was in the "supra clavicular (upper collarbone) area," and that there was no injury to the victim's back. He said the hospital records showed a "shot gun blast at close range, approximately ten feet to left shoulder and back of neck," and stated that it was a serious injury. The nurse referred to the wound as a large one, and said it was apparent that the victim was not shot in the back. However, he stated that in his opinion, it would have been possible for Ms. Poiner to have been running away from defendant and then have turned around and received an injury in the area indicated by the hospital records, provided she turned around far enough.

Tammy Jones, Earline Thompson's daughter, testified for the defense that after the shooting she saw someone remove a small pistol from the victim's pocket. She admitted previously telling an investigator from the public defender's office that the gun was picked up from the floor, not the victim's pocket. On cross examination, Miss Jones stated that earlier on the day of the shooting, defendant asked her, "You think I should shoot the bitch?," referring to the victim.

Although a warrant was issued immediately for defendant's arrest, police were unable to locate him until he was arrested on March 14, 1986.

■ Ordinarily, the testimony of one eyewitness can be sufficient to support a charge even though the testimony may be inconsistent, as inconsistencies in the testimony are questions for the jury. *State v. Barnes*, 693 S.W.2d 331 (Mo.App.1985). Furthermore, contradictions in a witness's testimony do not prevent it from constituting substantial evidence. *Id.* However, inconsistencies of one witness going to a vital issue of the case will be scrutinized closely to determine whether the testimony constitutes substantial evidence. *State v. Hitchcock*, 676 S.W.2d 538, 539 (Mo.App. 1984).

■ Here, the evidence against defendant was strong. The victim and four eyewitnesses testified that the defendant shot and seriously injured Ms. Poiner while she was fleeing from him. However, it appears from the testimony that, immediately before she was shot, Ms. Poiner ran as far as she could into the kitchen. None of the witnesses other than the victim was aware of any problem between the defendant and Ms. Poiner until she ran into the kitchen. Additionally, the defendant's witness testified that on the day of the assault, the

defendant was considering shooting the victim. Moreover, after the shooting, defendant fled the scene. Although the witnesses' opinions as to the location of the bullet wound were inconsistent, none of the witnesses was given an opportunity to examine the wound. Nonetheless, the actual bullet entry location appears to have been insignificant to any defense raised by defendant. The evidence here is sufficient to support the verdict.

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.