## Charles E. FANT, Appellant,

v.

## STATE of Missouri Respondent.

### No. 54251.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before DOWD P.J., and SIMON and SIMEONE, JJ.

DOWD, Presiding Judge.

Charles E. Fant, hereinafter movant, appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of robbery in the first degree and was sentenced to imprisonment for 10 years as a persistent offender. This court affirmed movant's conviction on direct appeal in *State v. Fant*, 714 S.W.2d 916 (Mo.App.1986).

On April 9, 1987, movant filed *pro se* a Rule 27.26 motion and counsel was appointed. An amended motion, incorporating the prior motion, alleged ineffective assistance of counsel on numerous grounds.

An evidentiary hearing was held on November 6, 1987. The trial court then entered its findings of fact and conclusion of law denying movant's motion. Movant now appeals this denial.

At the outset we note that appellate review of post-conviction relief sought in a motion to vacate is limited to the determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j) (repealed January 1, 1988). This court will rule the findings and conclusions of the trial court to be clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W. 2d 912, 915 (Mo.App.1986).

In his sole point on appeal, movant contends the trial court erred in denying his ineffective assistance of counsel claim. Movant asserts in his appeal that counsel was ineffective for failing to make a motion to strike the jury panel on grounds of racial discrimination since "such challenges were routinely made in criminal cases" even though movant's trial was held prior to the United States Supreme Court decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We find this point without merit.

Measurement of counsel's performance is weighed against the law of the state at the time of trial and cannot be held ineffective where counsel failed to predict a change in the law. *Fields v. State*, 735 S.W.2d 430, 435 (Mo.App.1987). Movant's trial was held in May of 1985. At that time, the Missouri courts followed the ruling handed down in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), which stated that the State's use of its peremptory challenges to remove all potential black jurors was not a constitutional violation unless there was evidence of a pattern of exclusions over a period of time. *Swain* at 221, 85 S.Ct. at 836.

It was not until April 30, 1986 that *Swain* was overruled by *Batson*.[1] Thus, failure to raise a *Batson* type objection cannot be deemed ineffective when *Batson* was not the law at the time of trial. Point denied.

Judgment is affirmed.

SIMON and SIMEONE, JJ., concur.

---

1. The retroactivity of *Batson* as set forth in *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), does not apply to the adequacy of counsel's representation at trial because movant's trial took place prior to *Batson*. *Foster v. State*, 748 S.W.2d 903, 910 (Mo.App. 1988).