**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Benjamin Edward HENDERSON,
Defendant-Appellant.**

No. 14227.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 28, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 19, 1986.

Application to Transfer Denied
Jan. 13, 1987.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ginger T. Wagner, Springfield, for defendant-appellant.

TITUS, Presiding Judge.

Defendant, Benjamin Edward Henderson, was jury-convicted of vehicular manslaughter, § 577.005 RSMo Cum.Supp. 1983 (since repealed). The court found defendant to be a persistent offender pursuant to § 558.016 RSMo Cum.Supp.1984 and sentenced defendant to imprisonment for a term of fifteen years.

We have found no merit to the matters raised in defendant's points numbered in his brief II, IV, V, VI, VII, VIII and IX and will not here discuss them.

■ In defendant's first point, he maintains the court nisi erred in overruling his motion for judgment of acquittal at the close of all the evidence as the state's evidence was insufficient to support a conviction for vehicular manslaughter due to conflicting and contradictory evidence regarding the identity of the person who on June 14, 1984 was driving the vehicle which struck a car being driven by Debra Lynn Hicks head-on and resulted in her death. We find the point to have little merit and note that in ruling on it "the State is entitled to the most favorable view of the evidence and all reasonable inferences to be drawn therefrom, and to have this court disregard defendant's evidence except as it supports the verdict." *State v. Hurd,* 657 S.W.2d 337, 338[1] (Mo.App.1983). In answer to defendant's first point it suffices to say that two witnesses testified they observed defendant driving the car at the time it veered into the oncoming traffic lane and hit Debra Hicks' car head-on. This testimony was sufficient for the jury to find defendant was driving at the time of the accident. The point is denied.

In his third point, defendant contends the trial court erred in ruling to admit a statement labeled Defendant's Exhibit G made by Annie Henderson, defendant's wife, the day after the accident to Police Officer Ted Hunt because the statement was hearsay and not admissible as a declaration against penal interest nor under the doctrine of curative admissibility.

In the instant case, Annie Henderson made two statements to Officer Hunt. The first of these was marked Defendant's Exhibit F and was taken by Officer Hunt shortly after the accident at the hospital where Annie had been taken following the accident. In that statement Annie indicated that she had indeed been the driver of the automobile at the time of the accident.

The second statement was taken by Officer Hunt the following day after he had received information that it was a man driving the car at the time of the accident and not a woman. In Defendant's Exhibit G as read to the jury by Officer Hunt, Annie stated, " 'I was asleep in the middle, when I woke up I was under the steering wheel. All I know was I was put under the wheel of the car. Ben was under the wheel when we started home.' "

Defendant contends that Annie's first statement was properly admissible under the requirements for admitting a statement against penal interest as enunciated in *State v. Turner,* 623 S.W.2d 4 (Mo. banc 1981), *cert. denied,* 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). According to defendant Annie's second statement did not meet the requirements set out in *Turner* and as the first statement was properly admitted, the second statement by Annie could not come into evidence under the doctrine of curative admissibility. *See Gevermuehle v. Geimer,* 619 S.W.2d 320 (Mo. App.1981).

■ We need not here address these issues. Independent reading of the transcript reveals that defendant offered into evidence *both* statements. The court nisi thereafter admitted into evidence "on the defendant's offer, Defendant's Exhibits F and G." In addition, upon defendant's behest Defendant's Exhibits F and G were passed to the jury after previously being read into evidence by Officer Hunt. It is axiomatic that the admission of evidence claimed to be hearsay is reversible error only if the complaining party is prejudiced thereby. Defendant cannot be prejudiced by the allegedly inadmissible evidence where he has himself offered not merely evidence to the same effect but the exact same evidence. *See Dunn v. St. Louis-San Francisco Ry. Co.,* 621 S.W.2d 245, 252[6, 7] (Mo. banc 1981), *cert. denied, Burlington Northern R. Co. v. Dunn,* 454 U.S. 1145, 102 S.Ct. 1007, 71 L.Ed.2d 298 (1982).

The judgment is affirmed.

FLANIGAN and GREENE, JJ., concur.