**STATE of Missouri, Respondent,**

v.

**Walter THOMPSON, Appellant.**

**Walter THOMPSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 55153, 56301.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 28, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 11, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Cheryl Rafert, Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was charged with forgery, in violation of § 570.090.1(4), RSMo 1986. Upon a trial by jury, he was found guilty of that offense. Defendant was found to be a persistent offender under § 558.016, RSMo 1986 and was sentenced to five years' imprisonment. Defendant subsequently filed a motion to vacate sentence pursuant to Rule 29.15. This motion was denied after an evidentiary hearing. Defendant appeals both his conviction and the denial of his post-trial motion. We affirm.

Viewed in a light most favorable to the verdict, the evidence reveals the following: defendant was charged with uttering as genuine a check belonging to Sokem Vong. Ms. Vong worked for International Institute of Metropolitan St. Louis. On September 30, 1987, she received a payroll check from International Institute of Metropolitan St. Louis for $549.10. That payroll check was taken from her, apparently in a robbery by an unknown assailant. She had not endorsed the payroll check.

On October 1, 1987, defendant presented the check for payment at the Wellston County Exchange in St. Louis, Missouri. Jacque Beck is the manager of the Wellston County Exchange. Wellston County Exchange has a file on all its regular customers. Ms. Beck testified defendant was a regular customer of hers doing business at Wellston County Exchange weekly or biweekly for almost a year. Ms. Beck testified that on October 1, 1987, defendant presented her a check made payable to defendant from the International Institute of Metropolitan St. Louis. Ms. Beck testified this was the first time defendant presented a check from International Institute of Metropolitan St. Louis, and she asked defendant if he was now employed at International Institute of Metropolitan St. Louis. Defendant said "yes" and Ms. Beck wrote that information in defendant's file. Defendant endorsed the back of the check and wrote his social security number on it. Ms. Beck cashed it for him. Defendant's file contained his driver's license number. Ms. Beck wrote defendant's driver's license number on the back of the check from defendant's file. Ms. Beck never asked for defendant's driver's license. The transaction took approximately five minutes.

Later, another employee at Wellston County Exchange who was totaling checks picked up the check. Defendant's name which had apparently been glued on the face of the check fell off. The employee notified Ms. Beck who in turn notified the police. Ms. Beck informed the police that defendant had presented the check to her. Thereafter, on October 10, 1987, Ms. Beck identified defendant in a lineup as the one who presented her the check.

A jury trial was held on June 7, 1988, and defendant was found guilty of forgery, uttering as genuine the check.

Defendant challenges his conviction alleging the trial court erred in overruling his motion to suppress and his objections to Ms. Beck's identification of him. Defendant asserts Ms. Beck's identification of him was unreliable in that she did not have an adequate opportunity to view the perpetrator of the crime.

In determining the admissibility of identification testimony, the court must ex-

amine the totality of the circumstances including (1) the opportunity of the witness to view the criminal at the time the crime is committed, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated at the time of the confrontation, and (5) the length of time between the crime and the confrontation. *State v. Releford*, 750 S.W.2d 539, 542 [1, 2] (Mo.App.1988).

■ Defendant was a regular customer of the bank where Ms. Beck worked and she observed him for about five minutes and had a conversation with him. She testified that upon discovery of the forged check she called the police and identified the perpetrator as defendant. She again identified defendant a few days later in a police lineup. Ample evidence supports the trial court's allowing Ms. Beck's identification of defendant. Point denied.

In defendant's second point, he alleges the trial court erred in denying his motions for continuance because he needed additional time to have a signature comparison made by an expert of his signature and the signature that appeared on the check.

■ Application for a continuance is addressed to the sound discretion of the trial court and an appellate court will not interfere unless it appears that such discretion has been abused. *State v. Williams*, 652 S.W.2d 102, 108 [4, 5] (Mo.banc 1983). Further, to challenge the denial of a continuance, the defendant must show that his defense was actually prejudiced. *State v. Luallen*, 654 S.W.2d 226, 228[3–6] (Mo. App.1983).

On the day of trial, defendant requested a continuance in order to obtain a handwriting comparison and in order to get a copy of records from the Missouri Department of Revenue to show defendant did not have his license on October 1, 1987, and therefore could not have written his driver's license number on the back of the check. Defendant again motioned for a continuance to get a handwriting analysis after the jury returned a verdict of guilty.

■ Defendant was charged with forgery, in violation of § 570.090.1(4), RSMo 1986, which states:

1. A person commits the crime of forgery if, with the purpose to defraud, he ...

(4) Uses as genuine, or possesses for purposes of using as genuine, or transfers with the knowledge or belief that it will be used as genuine, any writing or other thing which the actor knows has been made or altered....

The State produced evidence defendant presented the check to Ms. Beck at Wellston County Exchange; he presented himself to her as Walter Thompson to whom the check was made payable; the check was exchanged for money; and defendant took money from Wellston County Exchange for the check. At trial, Ms. Beck identified defendant as the perpetrator. Defendant would have been found guilty of forgery in violation of § 570.090.1(4), regardless of whether it was his signature on the back of the check. Thus, a handwriting comparison would have been irrelevant to the crime charged and the evidence presented.

■ Further, Ms. Beck testified she copied defendant's driver's license number on the back of the check from defendant's file at Wellston County Exchange. It was never suggested at trial that defendant was asked to produce his driver's license and write its number on the check. Again, it is irrelevant that defendant didn't have his driver's license on October 1.

It was not an abuse of discretion for trial court to deny defendant's motions for continuance. Defendant has failed to show how either denial prejudiced his case. Point denied.

In defendant's third point, he alleges the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence to submit the case to the jury.

■ The appellate court accepts as true all evidence and inferences tending to support the verdict. *State v. Rodney*, 760 S.W.2d 500, 502 [1, 2] (Mo.App.1988). The testimony of a single witness, if believed

by a jury beyond a reasonable doubt, is sufficient proof of identity and will support a criminal conviction. *Id.* at 503 [1, 2].

■ The evidence clearly establishes Ms. Beck's in-court identification of defendant was sufficient to submit the case to the jury. Point denied.

■ Finally, defendant appeals the denial of his Rule 29.15 motion after an evidentiary hearing contending he was denied effective assistance of counsel. Defendant contends his trial attorney failed to pursue and present at trial a handwriting analysis comparing his signature to the signature on the check.

To establish ineffective assistance of counsel, defendant has the burden to show his counsel did not exhibit the customary skill and diligence of a reasonably competent attorney and there was a reasonable probability the result at trial might have been different. *Stokes v. State,* 688 S.W.2d 19, 23[12] (Mo.App.1985).

At the motion hearing, defense counsel testified she "decided not to pursue [the handwriting analysis] because ... when Walter showed me his driver's license, the signatures were so similar I did not want to run the risk of doing a handwriting analysis through the Police Reports...." Matters of trial strategy, as here, are not normally a basis for finding an attorney ineffective. *Stokes,* 688 S.W.2d at 23[12]. Further, defendant has failed to show that if a handwriting analysis comparison were presented the result of the proceeding would have been different. *Id.; Ryder v. State,* 657 S.W.2d 64, 65[1] (Mo.App.1983). Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.