**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Randy Gene MINSON,
Defendant–Appellant.**

No. 56668.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 22, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1990.

Application to Transfer Denied
July 31, 1990.

Bradley S. Dede, Charles M. Shaw, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Randy Gene Minson appeals from the judgment of the trial court entered after a jury found him guilty of the sale of marijuana, in violation of § 195.020 RSMo 1986. The trial court sentenced him to five years' imprisonment. We affirm.

On June 3, 1986, William Edwards, an undercover narcotics officer, received a telephone call from a confidential informant. He met the informant and together they went to the apartment of Jimmie Wofford in Farmington, Missouri, arriving sometime after midnight. The informant, a woman, introduced the officer to Wofford whom she knew. Wofford, in turn, introduced appellant to the officer. They talked briefly concerning Wofford's and appellant's activities earlier in the day which involved the use of an all-terrain vehicle. The officer then asked them if they had any marijuana for sale. Appellant said something to Wofford and then, from a table next to where Wofford was sitting, Wofford pulled out two plastic bags of marijuana and gave them to appellant. Appellant handed the bag to the officer and told the officer each bag contained an "OZ", slang for an ounce, and that he wanted $100 for either bag. Officer Edwards selected the heavier bag and gave appellant $100 cash. Appellant and Edwards discussed whether appellant would be able to sell the officer more marijuana at another time. Officer Edwards and the informant then left.

When the officer was outside, he observed a pick-up truck with an all-terrain vehicle in back. He noted the license number of the truck. A subsequent check on the vehicle disclosed the names of appellant and his father were listed as the truck's owners.

The testimony of Jimmie Wofford was substantially the same. Wofford had been a friend of appellant's for more than a year. He added that he had first seen the marijuana in appellant's pick-up truck earlier that day when they had been out "four-wheeling" in the all-terrain vehicle on the Castor River. On their way back, they discussed selling the marijuana. Appellant asked Wofford if he knew anyone interested in buying. Wofford told appellant that he thought he could help appellant. Wofford recalled that a telephone call was made about selling the marijuana, but could not remember that he made the call. He was also vague about when and where the telephone conversation occurred. He did acknowlege it was not made at his house because he had no telephone. However, he admitted the possibility that he was the only one who could have called the informant, a woman whom he had met at a dance and known only a short time, since appellant did not know the informant.

When appellant and Wofford returned home from the river, they went first to the house of appellant's great aunt where he lived. After appellant showered, they went to Wofford's place. Appellant brought the marijuana inside Wofford's apartment. His version of the sale that evening in his apartment closely tracked Officer Edward's account.

Appellant was subsequently arrested and charged for sale of marijuana. Wofford, also arrested and charged, received probation for his part in any criminal activity. Appellant's first trial resulted in a mistrial. At his second trial, although appellant did not testify, he presented an alibi defense, based on the testimony of his wife (his fiancee at the time of the drug sale) and his great aunt with whom he lived.

Appellant raises four issues on appeal challenging the non-disclosure of the

state's confidential informant, the sufficiency of the evidence, the verdict director, and the refusal of his tendered instructions on lesser included offenses.

Appellant's first point contends the nondisclosure of the confidential informant was material and prejudicial error because the informant was a participant in, and an eyewitness to, the sale, and appellant's defense was alibi. He further claims nondisclosure of the informant was critical because Officer Edwards made no positive, in-trial identification of appellant.

Whether the identity of a confidential informant must be disclosed is not easily resolved, as this court recognized in *State v. Andrews*, 770 S.W.2d 424, 427 (Mo.App. 1989). In *Andrews* we echoed the modern principles expressed in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), relating to disclosure of an informant. In *Andrews*, as in *Roviaro*, it was observed that, in order to encourage citizens to come forward with information, the principle has been adopted that there is a privilege to withhold informant's identity, but that the privilege is limited. *Andrews*, 770 S.W.2d at 427. "Where the disclosure of an informer's identity ... is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. at 627–28; *Andrews*, 770 S.W.2d at 427.

The decision whether the informant is essential to a fair determination of the issue in any given case or circumstance is for the trial court in the first instance, and whether the defendant may have a fair trial without requiring disclosure is a matter resting in the sound discretion of the trial court. *Andrews*, 770 S.W.2d at 428. In reviewing the trial court's decision, we must weigh the cruciality and relevance of disclosure to the defense against the state's need for nondisclosure. *State v. Sweeney*, 701 S.W.2d 420, 426 (Mo. banc 1985); *Andrews*, 770 S.W.2d at 428. Finally, although concepts of fundamental fairness create exceptions to the general principle of nondisclosure, the defendant bears the burden of developing a record showing the need for disclosure. *State v. Sumlin*, 782 S.W.2d 749, 752 (Mo.App.1989).

Applying the foregoing authorities to the case at bar, we fail to see how disclosure of the informant's identity could have helped appellant. The confidential informant here, although more than a mere tipster, conveyed only Wofford's, not appellant's, name to the undercover police officer. When she arrived with Officer Edwards, she introduced the officer to Wofford, not appellant. It was Wofford who, in turn, introduced the officer to appellant. Although the confidential informant apparently entered Wofford's apartment, the record is bereft of any evidence of her participation in the drug sale. We can envision that her testimony might have been relevant had the defense been entrapment, but it was alibi. Despite the alibi defense, Wofford, who had known appellant a year, identified appellant without hesitation as having sold the drugs.

In a case presenting a similar scenario, our Missouri Supreme Court addressed the issue of disclosure of confidential informants in *State v. Yates*, 442 S.W.2d 21 (Mo.1969). The confidential informant in *Yates* went with an undercover police officer to a residence where the officer purchased drugs from a woman. The officer and informant returned the next day and requested to see defendant. The officer then bought drugs from defendant and left. Other officers then arrested defendant.

Our Missouri Supreme Court upheld the nondisclosure of the informant reasoning that, although the informant was more than a mere tipster because he had witnessed the sale of the drugs, the informant was a mere bystander who "did nothing to promote, participate in or encourage the commission of the crime." *Id.* at 26. In analyzing *Yates*, we later observed that the informant did not introduce the officer to defendant, attempt to secure defendant's confidence, actively participate in the crime and was not the only witness to the crime. *State v. Hall*, 761 S.W.2d 691, 694 (Mo. App.1988). The same holds true here. Appellant's first point is denied.

Appellant's second point claims the evidence identifying appellant as the drug seller was insufficient to sustain his conviction. Appellant admits that the testimony of both Officer Edwards and Jimmie Wofford establishes the *corpus delicti*, the sale of marijuana on June 3, 1986, at Wofford's residence in Farmington, Missouri, but disputes any evidence established the identity of appellant as the perpetrator of the sale. He characterizes the testimony of Officer Edwards as vague and confused about the drug seller's identity and emphasizes the officer made no in-court identification of appellant. He dismisses the testimony of Jimmy Wofford as "filled with destructive contradictions rendering his testimony useless".

We disagree. Wofford stated appellant was the person from whom Officer Edwards purchased the marijuana. Despite Wofford's inconsistencies about other details, his testimony identifying appellant was uncontroverted. The testimony of a single witness, if believed by the jury beyond a reasonable doubt, is sufficient proof of identification to support a criminal conviction. *State v. Thompson*, 782 S.W.2d 738, 740–741 (Mo.App.1989). The record reflects the state sufficiently proved the identity of appellant as perpetrator of the crime to withstand a motion for acquittal on that ground. Point denied.

Appellant's third point attacks the verdict director given, instruction number five. The instruction, based on MAI–CR3d 332.06 and 304.04, submitted the sale of marijuana under the doctrine of responsibility for the conduct of another, familiarly known as principal and accessorial liability. The instruction submitted provided as follows:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 3rd day of June, 1986, in the County of St. Francois, State of Missouri, the defendant Randy Gene Minson or Jimmie Wofford sold marijuana to Bill Edwards, and

Second, that the defendant, Randy Gene Minson or Jimmie Wofford knew that he sold it, and

Third, that the defendant, Randy Gene Minson or Jimmie Wofford was aware of the nature and character of the substance,

then you are instructed that the offense of selling marijuana has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of selling marijuana, the defendant Randy Gene Minson, acted together with or aided Jimmie Wofford in committing that offense, then you will find the defendant, Randy Gene Minson, guilty of selling marijuana.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant, Randy Gene Minson, not guilty of that offense.

If you do find the defendant, Randy Gene Minson, guilty of selling marijuana, you will assess and declare one of the following punishments:

1. Life imprisonment.

2. Imprisonment for a term of years fixed by you, but not less than five years.

Appellant contends the disjunctive use of "Randy Gene Minson or Jimmie Wofford" in paragraphs first, second, and third allowed the jury to find that Wofford aided or was actively involved in the drug sale, despite all the evidence establishing that appellant was the sole principal. Appellant concludes there is no credible evidence that Wofford aided in any way to warrant the submission in the disjunctive.

In order to determine proper submission under the accomplice liability theory, the *Notes on Use of MAI–CR3d* are helpful.

*Note 6 to MAI–CR3d 304.04* states as follows:

6. MAI–CR3d 304.04 is applicable when the evidence shows that the defendant acted together with another person in the commission of an offense or in any manner aided another person in the commission of an offense.

Since MAI–CR3d 304.04 involves imputing the conduct of another person to the defendant, it need not be (but may be) used where the evidence shows that the defendant, by his own conduct, committed all the elements of the offense even if there is also evidence showing another person (or persons) was involved. In such a case, the ordinary verdict director for the offense can be used requiring a finding that the defendant committed all the elements of the offense. See Notes on Use 7, example (d).

Notes on Use 7, example (d) provides as follows:

(d) Where the evidence shows the conduct constituting the elements of the offense was committed solely by the defendant and there is also evidence that someone aided the defendant, there is no need to use MAI–CR3d 304.04 because the ordinary verdict director ascribing all the elements to the defendant is sufficient.

Appellant strongly urges an ordinary verdict director under MAI–CR3d 304.02 should have been submitted in accordance with Notes on Use 7, example (d), because the State's evidence if believed clearly established that appellant alone committed the elements of the offense.

We reject appellant's argument for several reasons. First, Wofford's own testimony at trial established that he had also been charged and convicted of the sale of marijuana, the same offense as appellant. This testimony alone is sufficient to refute appellant's assertion that the evidence at trial showed him to be the "sole principal", with no assistance from Wofford. Second, other evidence showed that Wofford had volunteered to help appellant sell the marijuana; that the sale occurred at Wofford's apartment; and that Wofford retrieved the marijuana from an end table in his apartment and handed it to appellant who consummated the sale. Third, appellant has demonstrated no prejudice by the instruction nor do we discern any prejudice to him. Under the verdict director, the jury could find appellant guilty if he sold the marijuana or if Wofford sold the marijuana and appellant acted together with or aided Wofford to commit the elements of the crime. The jury was free to believe either proposition based on the evidence adduced. Finally, despite appellant's emphasis on the applicability of Notes on Use 7, example (d), we find example (c) more nearly in accord with the situation at hand. Example (c) states:

(c) Where the evidence is not clear or conflicts as to which person (in a group including the defendant) engaged in the conduct constituting the offense (as where the defendant is charged with burglary and the evidence shows the defendant was one of the two persons, one of whom unlawfully entered the building and stole while the other remained outside as a lookout), ascribe the elements of the offense to the defendant *or* the other person or persons.

Use the alternative "acted together with or aided" in the paragraph following "then you are instructed that the offense of [*name of offense*] has occurred...."

There may be cases where it is not clear whether the defendant acted alone or had an accomplice as where the defendant is found in possession of stolen items in the vicinity of a recently burglarized store but it is not clear whether he alone committed the burglary or was acting with other persons. In such cases, ascribe the elements of the offense to the defendant *or* another person or persons. (Emphasis added.)

■ Thus, if the evidence is unclear which person committed the acts, the disjunctive use is proper since the jury could find that either person committed the act. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989); *Potter v. State*, 742 S.W.2d 231, 233 (Mo.App.1987). The purpose of

the disjunctive is to give the jury the opportunity to consider evidence that is unclear. *Dulany*, 781 S.W.2d at 55. We conclude the state's verdict director in the disjunctive was a proper submission. Appellant's third point is denied.

■ Appellant's final point predicates error in the trial court's refusal to give three instructions he had requested. The three instructions tendered by appellant submitted the lesser offenses of distribution and delivery of marijuana, possession of thirty-five grams or more of marijuana, and possession of less than thirty-five grams of marijuana. He argues there was sufficient evidence from which the jury could have acquitted appellant of the charge of sale of marijuana and found him guilty of one of the lesser charges.

A trial court must submit on all lesser included offenses supported by the evidence. *State v. Story*, 646 S.W.2d 68, 73 (Mo. banc 1983). The requirement of instructing down is limited to those instances where "there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 556.046.2 RSMo 1986; *State v. Olson*, 636 S.W.2d 318, 321 (Mo. banc 1982).

The case of *State v. Morton*, 684 S.W.2d 601 (Mo.App.1985), is directly on point. In *Morton*, the Southern District held that where the state's evidence showed the sale of marijuana and appellant's participation in that sale, and the defense was alibi, there was no factual basis for submitting an instruction on a lesser included offense. *Id.* at 611. In the instant case, as in *Morton*, the state's evidence clearly established the sale of marijuana and appellant's participation in that sale. The defense was solely that appellant did not do whatever was done—alibi. There was no evidence providing a basis for both an acquittal of the higher and a conviction of one of the lesser offenses appellant sought to have submitted.

Although appellant here, unlike *Morton*, had specifically requested the lesser offense instructions be given, that distinction does not affect our decision. After appel-

lant's specific request for the instructions at trial, the trial court here had the opportunity to consider all the evidence in light of the request. Appellant's final point is denied.

The judgment of the trial court is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.