STATE of Missouri, Appellant,

v.

Tyree WEST, Respondent.

No. WD52164.

Missouri Court of Appeals,
Western District.

Dec. 10, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1997.

Application to Transfer Denied
March 25, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for appellant.

Jennifer Brewer, Assistant Appellate Defender, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and SMART, JJ.

ULRICH, Chief Judge.

The state appeals the trial court's judgment of acquittal entered in favor of Tyree West. Mr. West was found guilty by a jury of murder in the second degree, § 565.021.1, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994, for the shooting death of Herbert Moore. Following the jury's verdict, he moved for judgment of acquittal notwithstanding the verdict. The trial court granted the motion for failure of the state to prove the essential elements of the case, and the state appealed. The judgment of the trial court is reversed, and the case is remanded to the trial court for reinstatement of the guilty verdict and for further proceedings consistent with law.

## I. Jurisdiction

Mr. West claims that this court does not have jurisdiction to review the trial court's judgment of acquittal. He argues that further review of this case would violate the Double Jeopardy Clause.

Where a jury returns a verdict of guilty but the trial court thereafter enters a judgment of acquittal, an appeal by the prosecution is permitted. *State v. Couch*, 793 S.W.2d 599, 601 (Mo.App.1990)(citing *United*

States v. Jenkins, 420 U.S. 358, 365, 95 S.Ct. 1006, 1010–11, 43 L.Ed.2d 250 (1975)). The Double Jeopardy Clause does not prohibit an appeal by the prosecution unless a retrial or "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged" would be required in the event the prosecution is successful in its appeal. Id. (quoting Smalis v. Pennsylvania, 476 U.S. 140, 145–46, 106 S.Ct. 1745, 1749, 90 L.Ed.2d 116 (1986)).

█ The instant case was tried to a jury, and the jury returned its verdict of guilty. The trial court then entered a judgment of acquittal. The Double Jeopardy Clauses of the United States and Missouri Constitutions do not preclude the state from appealing the trial court's grant of Mr. West's motion for judgment of acquittal notwithstanding the jury's verdict. Reversal of the trial court's grant of Mr. West's motion for judgment of acquittal would require a remand for determination of the legal claims in his motion for a new trial. It would not require a retrial or further proceedings to resolve factual issues. This court, therefore, has jurisdiction to review the case.

## II. Sufficiency of Evidence

█ In testing the sufficiency of evidence by a motion for judgment of acquittal notwithstanding the jury's verdict, all evidence and inferences reasonably drawn from the evidence are viewed in the light most favorable to the verdict, and contrary evidence and inferences are disregarded. Couch, 793 S.W.2d at 601; State v. Rodney, 760 S.W.2d 500, 502 (Mo.App.1988). Review of the sufficiency of evidence is limited to a determination of whether the evidence was sufficient for reasonable persons to have found the defendant guilty as charged beyond a reasonable doubt. Couch, 793 S.W.2d at 601; Rodney, 760 S.W.2d at 502–503. Credibility of witnesses and inconsistencies in testimony are for the jury to consider. Couch, 793 S.W.2d at 604; Rodney, 760 S.W.2d at 503.

The state presented the following evidence. On October 14, 1994, Kansas City Missouri Police Officer Sabe Choate was dispatched to 5417 Highland Street because someone reported the presence of a dead body. At the scene, Officer Choate observed a decomposed body laying in brush at the rear of the house. The victim was wearing a brown striped shirt, blue jeans, and white Fila tennis shoes. Crime scene technicians and homicide detectives were called to the scene. The body was then taken to the medical examiner for an autopsy. X-rays revealed a small caliber bullet lodged in the soft tissues of the back bone on the anterior surface. The medical examiner testified that he believed with a reasonable degree of medical certainty that the bullet caused the victim's death.

As part of the investigation of the crime, detectives contacted Claudell and Reginald Blake. The Blake brothers admitted that they knew the victim, Herbert Moore, and volunteered to go to the police station to make a statement. Both made videotaped statements that were played for the jury. In their videotaped statements, Claudell and Reginald explained that they had been at a party at 5417 Highland Street on the night of September 9, 1994, and that there had been a shooting. After the shooting, they saw Mr. West in his car with a handgun in the seat next to him. Both boys stated that Mr. West admitted that he shot the victim.

The Blake brothers also testified at the trial. Each testified that he and his brother were at a party at 5417 Highland Street on September 9, 1994, and that they saw Herbert Moore there. Reginald testified that Herbert Moore was present and was wearing white Fila tennis shoes. Neither boy saw the shooting, but both heard the shots fired. Reginald again stated that he saw Mr. West outside the party in his car with a handgun. Claudell testified that he could not tell whether the object in the car seat next to Mr. West was a gun. During their testimony, both boys explained that they could not remember whether Mr. West admitted to the shooting.

Finally, Jackie Moore, Herbert's mother, testified. She stated that she has not seen her son, Herbert, since September 9, 1994. She also testified that Herbert was wearing new white Fila tennis shoes the day he disappeared.

Mr. West did not present any evidence at trial. The jury returned guilty verdicts for the crimes of murder in the second degree, § 565.021.1, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994. Following the verdicts, Mr. West filed a motion for judgment of acquittal notwithstanding the verdict. In the motion, he claimed that the state failed to prove beyond a reasonable doubt the cause of death of the victim, the identity of the victim, and that he caused the victim's death. The trial court granted Mr. West's motion for judgment of acquittal explaining that the state failed to prove the essential elements of the case. The court, however, did not specify the particular elements not proven, nor did it explain why the state's evidence failed to prove the elements.

A person commits the crime of murder in the second degree if he "[k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person." § 565.021.1, RSMo 1994. He commits the crime of armed criminal action in connection with the crime of second degree murder if the death was caused "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." § 571.015.1, RSMo 1994.

█ Mr. West first argues that the state failed to prove the cause of death of the victim. The medical examiner who performed the autopsy on the victim testified with a reasonable degree of medical certainty that death was caused by a small caliber bullet found near the back bone in fleshy tissue. He testified that the bullet would have entered the victim's chest cavity and passed through his heart. In their videotaped statements to police, Claudell and Reginald Blake stated that Mr. West had a handgun in his car after the shooting. Reginald further testified at trial that he saw Mr. West with a handgun. In their videotaped statements admitted into evidence, both Claudell and Reginald stated that Mr. West admitted shooting Mr. Moore. This evidence was sufficient to prove that the victim's death was caused by the use of a deadly weapon.

█ Mr. West next claims that the state failed to establish beyond a reasonable doubt the identity of the victim. He contends that there was insufficient evidence that the body recovered from 5417 Highland Street was that of Herbert Moore. Although proof of the identity of the victim is not a material element in the crime of second degree murder, the state has the burden of proving beyond a reasonable doubt that the person named in the indictment as being murdered is the same person proved murdered at trial. *State v. Lieberknecht*, 608 S.W.2d 93, 101 (Mo.App.1980).

Evidence at trial established that the shoes found on the victim were identified by Herbert Moore's mother as Herbert's, and his friend, Reginald Blake, identified the shoes on the victim as the shoes worn by Herbert when he was last seen alive at the party of September 9, 1994. *See State v. Paige*, 446 S.W.2d 798, 803 (Mo.1969). Both Reginald and Claudell Blake testified that Herbert was with them at the party when they last saw him. The defendant stated that he shot the victim, not stating Herbert's name, after gunshots were heard. Herbert was not seen alive by the witnesses thereafter. A crime scene technician testified that she recovered five of the victim's missing teeth at the crime scene for identification purposes, and the victim was positively identified. The evidence supported the reasonable inference that the technician meant that Herbert Moore was the victim. The identity of the victim was sufficiently established by the state to be Herbert Moore.

█ Finally, Mr. West claims that the evidence presented by the state was insufficient to prove that he knowingly caused the victim's death. The pathologist testified that Herbert Moore died from a gunshot wound on or about September 9, 1994. In videotaped statements to the police that were played to the jury, Claudell and Reginald Blake explained that a shooting occurred at a party at 5417 Highland Street on the night of September 9, 1994. Both boys saw Mr. West after the shooting in his car with a handgun. Both boys stated that Mr. West admitted shooting the victim the evening of September 9, 1994. The testimony of the Blake broth-

ers was sufficient to prove that Mr. West caused the victim's death.

 Relying on the doctrine of destructive testimony or destructive contradictions, Mr. West argues that testimony of Claudell and Reginald Blake lacked any probative force because neither brother could remember at trial if Mr. West admitted shooting the victim. The doctrine provides that when a witness's inconsistent and contradicting statements at trial are so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of all probative force, the witness's testimony loses probative value. *State v. Eyman,* 828 S.W.2d 883, 887 (Mo.App.1992). The doctrine applies only when the inconsistencies arise in the witness's trial testimony and not inconsistencies with his out-of-court statements. *State v. Creason,* 847 S.W.2d 482, 485 (Mo.App.1993). In this case, the inconsistencies arise only between the Blake brothers' trial testimony and their out-of-court statements; therefore, the doctrine is inapplicable. The credibility and weight given to the Blake brothers' testimony was for the jury to determine. Section 491.074, RSMo 1994. The state's evidence was sufficient for reasonable persons to have found Mr. West guilty beyond a reasonable doubt of second degree murder and armed criminal action, and the trial court erred in granting Mr. West's motion for judgment of acquittal notwithstanding the verdict.

The judgment of acquittal is reversed, and the case is remanded for reinstatement of the guilty verdict and for further proceedings consistent with law.

All concur.